103 F.3d 122
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Raymond WAGSTAFF-EL, Individually and on behalf of himself,
Plaintiff--Appellant,
v.
CITY OF BALTIMORE, in its Official Capacity, as a Municipal
Corporation and Enterprise; C. Louis Davis, Individually as
an Employee and in his Official Capacity as Ranking
Detective of the Baltimore City Police Department, an
Enterprise; Albert Heinbaugh, Individually as an Employee
and in his Official Capacity as Police Officer of the
Baltimore City Police Department, an Enterprise; james
Henderson, Individually as an Employee and in his Official
Capacity as Police Officer of the Baltimore City Police
Department, an Enterprise; Samuel M. Wichner, Individually
as an Employee and in his Official Capacity as Case Agent of
the F.B.I., an Enterprise; Raymond C. Bloomer, Jr.,
Individually as an Employee and in his Official Capacity as
Special Agent of the F.B.I., an Enterprise; Emory Waters,
Individually as an Employee and in his official Capacity as
A Special Agent of the F.B.I, an Enterprise; Provident
Savings Bank, a/k/a Provident Bank of Maryland, in its
Official Capacity as a Baltimore Enterprise, doing business
as an FDIC Member Bank; Charlotte A. Thanner, Individually
as an Employee and in her Official Capacity as an Agent of
Provident Savings Bank, An Enterprise; Judith L. Kaiser,
Individually as an Employee and in her Official Capacity as
an Agent of Provident Savings Bank, an Enterprise; Bonnie
Hicks, Individually as an Employee and in her Official
Capacity as an Agent of Provident Savings Bank, an
Enterprise; David F. Mister, Individually as an Employee
and in his Official Capacity as a Member of Ruppersberg,
White, Winter, Clark & Mister Law Firm, an Enterprise;
Cynthia Miller, a/k/a Cynthia Winkler, Individually as a
former Employee and in her Official Capacity as former Legal
Secretary of Ruppersberg, White, Winter, Clark & Mister Law
Firm, an Enterprise; Paul Rosenberg, Individually as an
Employee and in his Official Capacity as a United States
Magistrate, an Enterprise; Frank A. Kaufman, Individually
as an Employee and in his Official Capacity as a United
States Court, an Enterprise; Carmina Highes, Individually
as an Employee and in her Official Capacity as an Assistant
United States Attorney for the United States Attorney's
Office in Baltimore Maryland, an Enterprise; Gerald R.
Dougher, Individually as an Employee and in his Official
Capacity as a Special Agent of the F.B.I., an Enterprise;
Roger D. Kuhleman, Individually as an Employee and in his
Official Capacity as Case Agent of the F.B.I., an
Enterprise; H. Thomas Moore, Individually as an Employee
and in his Official Capacity as Special Agent of the F.B.I.,
an Enterprise; William D. Quarles, Individually as an
Employee and in his Official Capacity as Assistant United
States Attorney for the United States Attorney's Office in
Baltimore Maryland, an Enterprise; Brice Widdowson,
Individually as an Employee and in his Official Capacity as
Police Officer of the Baltimore City Police Department, an
Enterprise; James Savage, Individually as an Employee and
in his Official Capacity as United States Attorney for the
United States Attorney's Office in Baltimore, Maryland, an
Enterprise; Lawrence Wagstaff, Individually and in his
Official Capacity as an Agent of the United States
Attorney's Office in Baltimore, Maryland, an Enterprise;
Frederick J. Sullivan, Individually as an Employee and in
his Official Capacity as a Member of Sullivan Law Firm, and
Enterprise; Veronica Marie Clarke, Individually as an
Employee and in her Official Capacity as Assistant United
States Attorney for the United States Attorney's Office in
Baltimore, Maryland, an Enterprise; Christopher Ohly,
Individually as an Employee and in his Official Capacity as
former Assistant United States Attorney for the United
States Attorney's Office in Baltimore, Maryland, an
Enterprise; Catherine C. Blake, Individually as an Employee
and in her Official Capacity as Assistant United States
Attorney for the United States Attorney's office in
Baltimore, Maryland, an Enterprise; Mark H. Kolman,
Individually as an Employee and in his Official Capacity as
Assistant United States Attorney for the United States
Attorney's Office in Baltimore, Maryland, an Enterprise;
Martin S. Himeles, Individually as an Employee and in his
Official Capacity as Assistant United States Attorney for
the United States Attorney's Office in Baltimore, Maryland,
an Enterprise; Linda Chatman Thomsen, Individually as an
Employee and in her Official Capacity as Assistant United
States Attorney for the United States Attorney's Office in
Baltimore, Maryland, an Enterprise; Joseph H. Young,
Individually and an Employee and in his Official Capacity as
a United States Court, an Enterprise; J. Frederick Motz,
Individually as an Employee and in his Official Capacity as
a United States Court, an Enterprise; Sylvester Wilson,
Individually and as an Employee and in his Official Capacity
as an Officer of the U.S. Parole and Probation Department,
an Enterprise; Daniel Lopez, Individually as an Employee
and in his Official Capacity as Regional Commissioner of the
U.S. Parole Commission, an Enterprise; William D. Tenney,
Individually as an Employee and in his Official Capacity as
a Hearing Examiner of the U.S. Parole Commission, an
Enterprise; J. Rogers, Individually as an Employee and in
his Official Capacity as a Hearing Examiner of the U.S.
Parole Commission, an Enterprise; Kathleen J. Pinner,
Individually as an Employee and in her Official Capacity as
a Case Analyst for the U.S. Parole Commission, an
Enterprise; Richard Thornburgh, In his Official Capacity as
United States Attorney General, an Enterprise of the
Department of Justice; United States Parole Commission, In
its capacity as Commission, an Enterprise; John Doe,
Warden, In his Official Capacity as Representative of
Attorney General, an Enterprise; W.M. Campbell, In his
Official Capacity as Representative of Attorney General, an
Enterprise; Federal Bureau of Investigation, In its
Official Capacity as an Investigative Organization, an
Enterprise, Individually and Officially on behalf of all,
Defendants--Appellees.
 No. 96-6958.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 8, 1996.
Decided Nov. 19, 1996.
 
 Raymond Wagstaff-El, Appellant Pro Se.
 Robert Charles Verderaime, VERDERAIME & DUBOIS, Baltimore, Maryland; Ward Baldwin Coe, III, WHITEFORD, TAYLOR & PRESTON, Baltimore, Maryland; George Levi Russell, III, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellees.
 D.Md.
 AFFIRMED.
 Before HALL and WILLIAMS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Raymond Wagstaff-el appeals from the district court's order dismissing his action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. §§ 1962 & 1964(c) (West 1984 & Supp.1996). We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm on the reasoning of the district court. Wagstaff-El v. City of Baltimore, No. CA-94-1411-L (D.Md. May 3, 1996). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 2
 AFFIRMED.